B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
### Southern District of Ohio

In re  **Butterfliez Services, LLC**                                               Case No.  **2:15-bk-50914**
                         Debtor(s)                                                 Chapter   **11**

Small Business Case under Chapter 11

## BUTTERFLIEZ SERVICES, LLC'S  FIRST AMENDED

## CHAPTER 11 PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **BUTTERFLIEZ SERVICES, LLC** (the "Debtor") from cash flow from operations and future income.

This Plan provides for **1** class of secured claims; **1** class of priority claims, **1** class of general non-priority unsecured claims; and **1** class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **5 cents** on the dollar.  This Plan also provides for the payment of administrative claims which will be paid in in full on the effective date of this Plan with respect to any such claim.

All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.  All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under §507(a)(2)).

   Anticipated Class Members:

      Internal Revenue Service ("IRS")

      State of Ohio Department of Taxation ("OTAX")

      Ohio Bureau of Worker's Compensation ("OBWC")

      Ohio Department of Job and Family Services ("ODJ&FS")

      City of Columbus, Division of Taxation ("CTAX")

2.02   Class 2.  The allowed secured claim of the IRS

2.03   Class 3.  All unsecured claims allowed under §502 of the Code.

   Anticipated Class Members:

      Huntington National Bank, IRS, OBWC, and ODJ&FS, OTAX

2.03   Class 4.  Equity interests of the Debtor.

   Anticipated Class Member:     Ramona L. Hawkins

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
# U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.  Priority tax claims are identified as Class 1 claims. This Plan proposes treatment for allowed claims in Class 1 that is different than the treatment generally required under 11 U.S.C. §1129(a)(9). Unless the holder of an allowed priority tax claim casts a ballot that "opts out" of the treatment provided in Article IV then such holder of a priority tax claim will be paid paid pursuant to §1129(a)(9)(C) in regular monthly installment cash payments over period of time not exceeding 5-years after February 20, 2015, which is the date of entry of the order for relief.  A priority tax claim holder may "opt out" by checking the box on the Official Ballot provided during the voting process.  If the "opt out" box is not checked, or if no ballot form is cast, the claim holder will be deemed to have agreed to the different treatment for the purposes of 11 U.S.C. §1129(a)(9).

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims - <br><br>INTERNAL REVENUE SERVICE ("IRS")<br><br>OHIO BUREAU OF WORKER'S COMPENSATION ("OBWC")<br><br>OHIO DEPARTMENT OF JOB & FAMILY SERVICES ("ODJ&FS")<br><br>OHIO DEPARTMENT OF TAXATION ("OTAX")<br><br>CITY OF COLUMBUS DEPARTMENT OF TAXATION CORPORATE ("CTAX CORP")<br><br>CITY OF COLUMBUS DEPARTMENT OF TAXATION INCOME ("CTAX INCOME") | Impaired<br><br>This Plan proposes treatment that is different than that generally required pursuant to 11 U.S.C. §1129(a)(9)(C).<br><br>Each holder of a claim in this Class may "opt out" of the proposed, different treatment by checking the appropriate box on the Official Ballot Form.  If the "opt out" box is not checked or if no ballot is cast, the claim holder will be deemed to have agreed to the proposed different treatment within the meaning of 11 U.S.C. §1129(a)(9). | Each holder of an allowed Class 1 Priority Claim will be paid in full, either in one lump sum payment or where noted, in monthly cash payments.  Payments will begin with the first month following the later of the effective date of the Plan, or the date of the allowance of such claim by entry of a final appealable order.  Each payment will be made on or before the 20th day of each consecutive month.<br><br>The following are the anticipated Class 1 claims and proposed treatment for each claimant:<br><br>**IRS** = $88,909.17 (disputed); Monthly Cash Payments = $1,235.00 per month for 72 months;<br><br>**OBWC** = $15,176.66 (disputed) together with 3% interest *per annum* accruing from the effective date of the plan until the the allowed claim is paid in full; Monthly Cash Payments =$273.00 per month for 60 months; |

| | | |
|---|---|---|
| | | **ODJ&FS** = $22,883.57 (disputed) together with 3% interest *per annum* accruing from the effective date of the plan until the the allowed claim is paid in full; Monthly Cash Payments = $412.00 per month.<br><br>**OTAX** = $204.69; A one-time lump sum payment of $204.69;<br><br>**CTAX CORP** = $4,473.16; Monthly Cash Payments = $74.56 per month<br><br>**CTAX INCOME** = $5,594.00; Monthly Cash Payments = $93.23 per month |
| Class 2 - Secured Claim of the IRS | Impaired | The claim in the amount of $300.00 shall be paid on or before the 20th day of the first month following the month of the Effective Date of the Plan |
| Class 3 - General Unsecured Claims | Impaired | Each holder of a Class 3 General Unsecured Claim shall be paid a pro rata share of a $1,000.00 annual payment for the first four (4) years following the year of the Effective Date of the Plan. The Debtor estimates that the dividend paid will amount to 5% of allowed claims. |
| Class 4 - Equity Security Holder of the Debtor | Unimpaired | Ramona L. Hawkins is the sole equity security holder and upon confirmation of the Plan, she shall retain all rights and title to such interest in the Debtor. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII,:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| -NONE- | |

    (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

    7.01    The Debtor is a service provider for two (2) develop-mentally disabled individuals.  The Debtor receives approximately $15,000.00 to $16,000.00 each month in gross revenues from the State of Ohio through the Ohio Department of Developmental Disabilities (ODODD").  After deductions for monthly operating expenses estimated in the average monthly amount of $7,100.00, the Debtor will have sufficient net income from which make the monthly payments called for in this Plan.  The Debtor's anticipated monthly debt service will be $2,088.00.  The Debtor will be paying Ramona L. Hawkins approximately $5,000.00 per month in compensation.  The Plan payments will come from the Debtor's revenues, and if necessary, from additional contributions from Ms. Hawkins' compensation.

## ARTICLE VIII
## GENERAL PROVISIONS

    8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

    8.02    Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

    8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of OHIO overn this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

    9.01    Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

**None.**

                Respectfully submitted,

By: /s/ Ramona L. Hawkins
     **Ramona L. Hawkins**
     The Plan Proponent

By: /s/ James E. Nobile
     **James E. Nobile 0059705**
     Attorney for the Plan Proponent